**Rosa Alvarez SOLORZANO; Lester Donal Solorzano; Saul Alejandro Solorzano Alvarez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72541.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

R.App. P. 34(a)(2).

Rosa Alvarez Solorzano, Sacramento, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, David B. Edwards, San Francisco, CA, U.S. Department of Justice Civil Division c/o FDIC, Dallas, TX, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Rosa Alvarez Solorzano and her two sons, Lester Donal and Saul Alejandro, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' order affirming without opinion the Immigration Judge's ("IJ") order denying of their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Solorzano did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir.1997). Solorzano provided no evidence that she or members of her family were singled out for persecution based on an imputed political opinion. Rather, she only described incidents of generalized violence. *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Because Solorzano did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the IJ's denial of CAT protection because Solorzano did not establish that it is more likely than not that she or her family will be tortured if returned to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Rosa Alvarez Solorzano is the lead petitioner. Although her son Lester filed a separate application for asylum, his claim rests on the same facts as his mother's claim.